COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                                                                                        

 

                                       NO.
02-06-066-CR

 

 

LOUIS JACOB OZUNA                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 97TH DISTRICT COURT OF ARCHER COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Louis Jacob Ozuna
appeals his conviction for injury to a child. 
In three issues, appellant asserts that the trial court erred by ruling
that evidence of his prior bad acts was admissible to impeach a defense witness
and that his trial counsel provided him ineffective assistance of counsel.  We affirm. 









Appellant was indicted for
injury to a child.  After hearing all the
evidence, a jury found him guilty, and the trial court assessed his punishment
at ten years=
imprisonment.  This appeal followed.

In his first two issues,
appellant complains that the trial court erred by ruling at a preliminary
hearing that it would admit evidence of appellant=s prior bad acts for impeachment purposes during the State=s cross-examination of the defense=s sole witness in violation of rules 608(b) and 613(b).[2]  The record shows, however, that the trial
court never made such a ruling; in fact, it expressly declined to make a ruling
until the evidence was presented.  The
evidence was never presented.  

It is axiomatic that to
complain of a ruling or action by the trial court on appeal, the record must
show that the ruling or action complained of occurred.[3]  If it does not, there is nothing to review.[4]  Because the action or ruling complained of
does not appear in the record, we overrule appellant=s first and second issues. 








In his third issue, appellant
asserts that his trial counsel was ineffective because (1) he failed to obtain
a ruling regarding the admissibility of the evidence of prior allegations of
domestic violence between appellant=s wife, Cheyenne Franzen, and appellant and (2) elicited evidence from
Franzen about those allegations during punishment.  








To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[5]  In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case.[6]  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.[7]  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.[8]  To overcome the presumption of reasonable
professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@[9]

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable.[10]  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.[11]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[12]  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding whose result is being challenged.[13]








A reviewing court will rarely
be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.[14]  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@[15]  An appellate court is not
required to indulge in speculation concerning counsel=s decision‑making processes or to imagine reasons why counsel
acted or failed to act in a particular manner.[16]  Thus, when the record is silent as to counsel=s reasons for performing or failing to perform in the manner alleged,
we cannot conclude that counsel=s performance was deficient.[17]  








Appellant in this case did
not file a motion for new trial raising ineffective assistance that would have
allowed counsel to explain any trial strategy upon which his decisions may have
been based.  Because there is no record
to show trial counsel=s reasons
for acting or failing to act in the manner challenged by appellant, we hold
that appellant has failed to establish that his counsel's assistance was
ineffective.  We overrule appellant=s third issue.

Having overruled all of
appellant=s issues, we
affirm the trial court=s
judgment.        

PER CURIAM

PANEL F: 
CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Evid. 608(b), 613(b).  





[3]Tex. R. App. P. 33.1(a)(2); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).





[4]Tex. R. App. P. 33.1(a)(2); Mendez,
138 S.W.3d at 341.





[5]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999).





[6]Thompson, 9
S.W.3d at 813.





[7]See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.





[8]Salinas, 163
S.W.3d at 740; Mallett, 65 S.W.3d at 63.





[9]Salinas, 163
S.W.3d at 740 (quoting Thompson, 9 S.W.3d at 813).





[10]Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 





[11]Id. at
694, 104 S. Ct. at 2068.





[12]Id.





[13]Id. at
697, 104 S. Ct. at 2070.





[14]Thompson, 9
S.W.3d at 813-14.





[15]Salinas, 163
S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63); see also Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); Thompson, 9
S.W.3d at 813‑14; Ex Parte Okere, 56 S.W.3d 846, 855‑56
(Tex. App.CFort
Worth 2001, pet. ref=d); Patterson
v. State, 46 S.W.3d 294, 306 (Tex. App.CFort Worth 2001, no pet.)
(all noting that the record on direct appeal is generally insufficient to show
that counsel=s
performance was so deficient as to meet the first prong of the Strickland
standard).  





[16]Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 





[17]Id.